IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PROSCH,

                Plaintiff,          OPINION AND ORDER

v.

                                13cv559-wmc

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Robert Prosch seeks judicial review of a decision by the Commissioner of the Social Security Administration, which denied his application for Social Security Disability Insurance Benefits and Supplemental Security Income. Prosch contends that the Administrative Law Judge ("ALJ") erred in failing to give proper weight to the opinion of his treating physician. For the reasons set forth below, the case will be remanded to the Commissioner for rehearing.

## FACTS

On October 26, 2009, Prosch filed a claim for Disability Insurance Benefits and a claim for Supplemental Security Income alleging disability beginning on January 1, 2007. (AR 144-147). Prosch, who was 60 years of age at the time, testified that he had not worked full time since his alleged onset date of January 1, 2007. (AR 46.) Prosch also presented evidence that he is disabled due to obesity, retinal detachment of the right eye, lattice degeneration of the left eye, cataracts, degenerative disc disease with disc narrowing at the L1-2 and LS-S1 levels, arthritis, left ACL tear requiring a knee brace,

1

type II diabetes with multiple complications including nephropathy and peripheral neuropathy. (AR 467, 484, 402-403, 347-351, 359, 560, 473, 547-548). Following denials at the initial and reconsideration stages, Prosch requested a hearing befpre an Administrative Law Judge. (AR 79-90, 27.)

On December 1, 2011, a hearing was held before ALJ Gregory Hamel. (AR 41.) Following this administrative hearing, the ALJ denied Prosch's claim on January 31, 2012. (AR 24-40). In his written decision, the ALJ found that Prosch was not disabled under the five-step sequential analysis mandated by the statute. (AR 129.) At step one in the analysis, the ALJ found that Prosch had not engaged in substantial gainful activity since his alleged onset date, January 1, 2007. At steps two and three, the ALJ found that Prosch had severe impairments, including diabetes mellitus with neuropathy, osteoarthritis of the left knee, left sacroiliac joint sprain, lumbar muscle strain, gastroenemius muscle strain, and obesity. (AR 30.) Despite these impairments, the ALJ further found Prosch did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*)

At step four, the ALJ further found that Prosch was able to perform his past work. Based on evidence from the vocational expert, the ALJ finally found at step five that there were jobs in significant numbers in the national economy that Prosch could perform. (AR 14-16.)

On January 8, 2013, the Appeals Council denied review and, as a result, the ALJ's decision stands as the final decision of the Commissioner. (AR 14-19.) Prosch filed a

timely complaint for judicial review in this court pursuant to 42 U.S.C. §405(g).

OPINION

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision without a critical review of the evidence. *See Ehrhart v. Sec'y of Health and Human Servs.,* 969 F.2d 534, 538 (7th Cir. 1992). A decision cannot stand if it lacks evidentiary support. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). The ALJ must also explain his "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Id.; see Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir. 1994). When the administrative law judge denies benefits, he must build a logical and accurate bridge from the evidence to his conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

A.  **Treating Physician Rule**

Prosch principally contends that the ALJ erred in failing to give proper weight to the medical opinion of his treating physician, Dr. Braun. Bound within this issue is whether the ALJ adequately addressed the RFC and whether the vocational expert's opinion was tainted by a deficient RFC determination.

As a starting point, the Seventh Circuit has repeatedly addressed the appropriate standards that the Commissioner must follow when weighing the opinions of a treating physician. In *Jelinek v. Astrue*, 662 F.3d 805 (7th Cir. 2011), the court explained that if consistent with the record, a treating physician's opinion "is generally entitled to 'controlling weight' … [and] an ALJ who chooses to reject a treating physician's opinion must provide a sound explanation" for doing so. *Id.* at 811 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010); *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). Moreover, "[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the (1) length, nature, and extent of the treatment relationship; (2) frequency of examination; (3) physician's specialty; (4) types of tests performed; and (5) consistency and supportability of the physician's opinion." *Scott v. Astrue*, 647 F.3d 734, (7th Cir. 2011); *see also* 20 C.F.R. § 404.1527(d)(2); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir.2008) (stating that when the treating physician's opinion is not

given controlling weight "the checklist comes into play").[1]

In the present case, Prosch's treating physician of ten years provided a medical opinion as to his impairments and work-related limitations. (AR 505-509.) In addressing this opinion, the ALJ stated only that:

> [T]he undersigned gives limited weight to Dr. Braun's opinion that the claimant is incapable of even sedentary work, as the claimant's activity level is in strong contradiction to Dr. Braun's opinion. Further, the longitudinal treatment records by Dr. Braun do not support the level of limitations opined to.

(AR 33.)

Assuming for purposes of argument that this brief passage passes for a "sound explanation" for rejecting Dr. Braun's medical opinion under *Jelinck*, the analysis does not end there. As the regulations explain, when The ALJ does not give a treating physician's opinion controlling weight, the five factors recognized in *Scott* 647 F.3d 734 come into play. Moreover, the ALJ is required to discuss these factors in "enough detail to permit meaningful appellate review." *Steele*, 290 F.3d at 940.

Here, the ALJ failed in his task to discuss several of the factors required in 20 C.F.R. §§404.1527(a)-(d), 416.927(a)-(d). For example, there is no discussion of (a) the length, (b) nature, and (c) the extent of the treatment relationship between Prosch and

---

[1] This analysis has been more recently applied in *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013), where the Seventh Circuit stated that "The agency's regulations shed some light on how the ALJ should approach the question of the weight to be given to a doctor's opinion. They state that more weight should be given to the opinions of doctors who have (1) examined a claimant, (2) treated a claimant frequently and for an extended period of time, (3) specialized in treating the claimant's condition, (4) performed appropriate diagnostic tests on the claimant, (5) offered opinions that are consistent with objective medical evidence and the record as a whole. 20 C.F.R. § 404.1527(c)(2)(i), (ii)." *Id.*

5

Dr. Braun. Tellingly, there is also no meaningful discussion of the frequency of examination. These factors would appear to suggest that greater weight be given Dr. Braun's opinion yet none are discussed, necessitating the need for remand. *See Roddy*, 705 F.3d at 636.

While the ALJ did discuss the fifth factor as to consistency and supportability of the treating physician's opinion, taken out of context to the other factors noted above, it reads like "cherry picking." *See Smith v. Apfel*, 231 F.3d 433, 438 (7th Cir. 2000) ("Case law in the Seventh Circuit holds that '[a]n ALJ may not simply select and discuss only that evidence which favors his [or her] ultimate conclusion.' Rather, an ALJ's decision must be based upon consideration of all the relevant evidence.").

As drawn from ALJ's abbreviated analysis, the ALJ selected only those portions of Dr. Braun's opinions that "support a finding of non-disability while ignoring other portions that suggest disability." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). For example, Dr. Andreu Braun, M.D. provided a detailed list of Prosch's limitations on November 19, 2009:

> a) Difficulty walking, episodic vision blurriness, excessive thirst, swelling, sensitivity to light, heat or cold, retinopathy, kidney problems, insulin shock/coma, extremity pain and numbness, loss of manual dexterity, frequency of urination, dizziness/loss of balance, hyper/hypoglycemic attacks, neuropathy on exam and increased blood pressure.
> b) Pain and other symptoms would frequently interfere with attention and concentration.
> c) Capable of low stress jobs.
> d) Could walk less than one block.
> e) Could sit for 20 minutes at a time for a total of 4 hours a day.
> f) Could stand/walk for 15 minutes at a time for a total of 2 hours a day.

6

> g) Would need to walk around every 20 minutes for 5 minutes at a time.
> h) Would have to change positions at will and would need unscheduled 5 minute breaks about every 2 hours.
> i) Would need to elevate 1 foot for 20% of the day.
> j) Would occasionally be able to lift less than 10 pounds and rarely lift 10 pounds.
> k) Would rarely be able to climb stairs, twist, and stoop; would never be able to crouch, squat, or climb ladders.
> l) Would have to avoid all exposure to extreme heat, cold, humidity and wetness; avoid concentrated exposure to airborne irritants, dust, and chemicals.
> m) Would miss about three days of work per month.

(AR 505-509). While the ALJ need not have discussed each of these limitations, some effort should be made on remand to address what other evidence in the record is inconsistent with the limitations, particularly in circumstances where there is no state examiner providing evidence that directly contradicts Dr. Braun's opinion.

Although the Commissioner's brief argues the ALJ's analysis was sufficient, that argument folds in upon itself. If anything, the Commissioner's *post hoc* analysis highlights what is missing from the ALJ's original decision. *See Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010) (court finds disfavor with "the Justice Department's lawyers who defend denials of disability benefits often rely heavily on evidence not (so far as appears) relied on by the administrative law judge"). This, too, provides a basis for remand.

### B. Remaining Issues

Prosch raises a number of additional issues related to the sufficiency of the underlying proceedings. Specifically, he argues that the ALJ's RFC is not supported by

substantial evidence because evidence from Dr. Braun was not properly credited. Upon a facial assessment of Dr. Braun's report, it would seem that at least some of the limitations noted above could be added to the RFC determination. The court, however, will ultimately leave this to the ALJ's discretion upon remand. Should these limitations be given little weight -- after proper analysis of the factors required by 20 C.F.R. §§404.1527(a)-(d), 416.927(a)-(d) -- the ALJ may find that the original RFC determination remains the same in light of the totality of the evidence. Of course, after giving proper consideration to Dr. Brown's opinion, the ALJ may come to a difference conclusion. Instead of adjudicating the merits of the RFC at this juncture, the court encourages the parties and the ALJ to consider the evidence and issues anew on remand, including the deficiencies identified in this order. *See Pierce v. Colvin*, 739 F.3d 1046, 1051 (2014).

ORDER

IT IS ORDERED that the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, is REVERSED and the case is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 30th day of March, 2015.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge